Dear Senator Wilson:
This opinion is issued in response to your request for an official opinion on the following three questions:
 1) Does § 290.140 grant a University of Missouri employee of 90 days or longer the right to receive after termination a service letter upon written request?
 2) Is the University of Missouri a corporation doing business in Missouri as stated in § 290.140?
 3) Is the termination of employment of a nontenured academic employee by a decision to not rehire this employee a discharge or voluntary termination under § 290.140?
Section 290.140, RSMo 1978, states:
 Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the written request of such employee to him, if such employee shall have been in the service of said corporation for a period of at least ninety days, to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; and if any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, and shall be punished by a fine in any sum not exceeding five hundred dollars, or by imprisonment in the county jail for a period not exceeding one year, or by both such fine and imprisonment.
Question number two provides a good starting place for this opinion, for it presents the issue of whether the above section applies to the University of Missouri. In order for the University to be subject to the requirements of this section, the University must come within the terms of the section, one of which requires that the employee be employed by ". . . any corporation doing business in this state. . ." The real issue then is whether the University can be said to be a corporation doing business in Missouri.
Section 172.020, RSMo 1978, states inter alia:
 The university is hereby incorporated and created a body politic and shall be known by the name of `The Curators of the University of Missouri', . . .
Chapter 172, RSMo 1978, State University, sets out the rights and duties of the board of curators of the University and describes the function of the University as a state supported provider of post-secondary education.
Since the word "incorporated" is mentioned in describing the entity, it must be decided whether the University can be characterized as a corporation doing business in this state. It appears that it cannot be so characterized. In the case of Hunt v. St. LouisHousing Authority, 573 S.W.2d 728 (Mo.App. St.L.D. 1978) the court addressed the issue of what the phrase ". . . corporation doing business in this state . . ." means. In Hunt, the court was faced with the question of whether a municipal corporation would be deemed to fall within the phrase in § 290.140, RSMo 1978. While the University is obviously not a municipal corporation, the court's reasoning in finding that § 290.140 does not apply to a municipal corporation appears equally applicable to the entity known as the University of Missouri.
In Hunt the court noted that the municipal corporation in question did not compete with private enterprise or operate for profit or as a source of revenue. These observations can also be made with regard to the University. In addition the court noted that the word corporation as used in § 290.140 has been traditionally construed to mean a private business corporation. At page 730 the court states:
 By legislative declaration and judicial definition, defendant constitutes a municipal corporation as that term is used in its broader sense to include public and quasi-corporations which act as arms of local government and exercise essential government functions . . . Our Constitution and statutes consistently recognize the difference between private business corporations and municipal corporations . . . [I]t has been judicially noted that a `well settled distinction exists between the two' terms.
The University is a body politic exercising a government function, and the decision in Hunt appears to be equally applicable to the University. Therefore, the University not being a ". . . corporation doing business in this state . . .," the provisions of § 290.140, RSMo 1978, do not apply to the University.
Having determined that the section is inapplicable to the University, the necessity of answering questions number one and three of this request relating to the University's responsibilities under § 290.140, is eliminated.
It is the opinion of this office that the provisions of § 290.140, RSMo 1978, regarding an employer's responsibility relating to the issuance of a service letter do not apply to the University of Missouri.
Very truly yours,
 JOHN ASHCROFT Attorney General